U.S. DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION
ROCKFORD, ILLINOIS

| | |
|---|---|
| **Coy Meeks,**<br><br>　　　　　　　　**Plaintiff,**<br><br>vs.<br><br>**Americold Logistics, LLC.**<br><br>　　　　　　　　**Defendants.** | **08 C 50170**<br><br>**JUDGE KAPALA**<br>**MAGISTRATE JUDGE MAHONEY**<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff, Coy Meeks, complains of Defendant, Americold Logistics, L.L.C., as follows:

**Nature of the Case:**

1. Americold Logistics, L.L.C. ("Americold") violated the Family and Medical Leave Act of 1993, 29 U.S.C.S. § 2601, *et seq.* ("FMLA"); violated the Illinois Whistleblower Act, 740 ILCS 174/1 *et seq.*, and committed retaliatory discharge in violation of Illinois common law when it denied Coy Meeks medical leave to heal from a work-site injury, and when it fired Coy Meeks to punish him for filing a workers compensation claim and to eliminate any risk that he would file additional workers' compensation claims in the future.

**Coy Meeks's employment with Americold**

2. Plaintiff, Coy Meeks ("Mr. Meeks") was hired by Americold on January 23, 2000, as a Runner at Americold's storage facility in Rochelle, Illinois.

3. Mr. Meeks's job consisted of using a hand-controlled forklift to move pallets of goods in and out of cold storage.

4. Throughout the entirety of his employment, Mr. Meeks performed his job duties at or above his employer's legitimate expectations.

5. Throughout the entirety of his employment, Mr. Meeks was never disciplined, formally or informally, for tardiness or unapproved absences.

6. Throughout the entirety of his employment, Mr. Meeks was never disciplined, formally or informally, for conduct that caused a workplace accident.

7. Between Mr. Meeks's date of hire and mid-2006, Mr. Meeks suffered a few on-the-job injuries for which he received treatment.

8. In December 2006, Mr. Meeks was denied training for open positions loading and unloading trucks, for which he was otherwise qualified.

9. Mr. Meeks already had experience in this position because two or three times a week he was tasked with loading and unloading trucks when Americold was short-handed or busy.

10. The stated reason for a denial of this lateral move was a fear that Mr. Meeks "might get hurt."

11. During the spring of 2007, Mr. Meeks's recurring medical problems caused by his job escalated to a serious medical condition for which he was put on medical restriction.

12. On or about May 23, 2007, Mr. Meeks filed a workers' compensation claim for his worsening medical problems and began a medical leave under FMLA.

13. A few days later, Mr. Meeks called Americold to say he would be coming by to drop off some paperwork related to his medical leave.

14. To his complete surprise, Mr. Meeks was told not to come by, and that if he came to the office to drop off the paperwork he would be escorted off the premises.

15. On or about June 7, 2007, Mr. Meeks went to Americold to get some paperwork signed for Medicare.

16. When he showed up he was told that he had been terminated effective June 1, 2007—approximately ten days after he filed the workers' compensation claim and began FMLA leave—for "no call, no show" at the end of May.

17. On or about June 15, 2007, Mr. Meeks received a letter from his health insurance approving the FMLA leave request.

18. Mr. Meeks was immediately replaced by another employee when he went on medical leave.

19. Since he recovered from his workers' compensation injury, Mr. Meeks has engaged in a job search but has not been able to find replacement employment.

20. Mr. Meeks' termination has forced him to enroll in Medicare and has left his wife without health insurance.

21. Mr. Meeks' has suffered emotional distress, lost wages, lost benefits, and has suffered additional emotional and financial harm due to his wife's lack of health insurance.

22. Americold was fully knowledgeable that it acted in violation of its duties under the Family Medical Leave Act, the Illinois Whistleblower Act, and the Illinois public policy against retaliatory discharge when it fired Mr. Meeks.

**Jurisdiction and Venue**

23. This Court has jurisdiction in this matter pursuant to 29 U.S.C.S. § 2617(a)(2), and 28 U.S.C.S. §§ 1331 and 1343(4). The Court has supplemental jurisdiction over Counts Three, Four, and Five pursuant to 28 U.S.C. § 1367 (a).

24. Venue is proper under 28 U.S.C.S. §1391(b) because all of the unlawful employment practices alleged herein occurred in Ogle county of Illinois, which is located within the Court's division of the U.S. District Court of the Northern District of Illinois, Western Division.

**Count One: Retaliation in violation of Family and Medical Leave Act of 1993**

Plaintiff realleges and incorporates paragraphs 1 through 22 herein.

25. Defendant retaliated against Mr. Meeks in violation of FMLA when Defendant fired Mr. Meeks for requesting FMLA leave to care for a serious medical condition.

*Wherefore,* Plaintiff Coy Meeks prays for the following relief:

a. That the Court enter a judgment in his favor and against Defendant; and that the Court order Defendant to reinstate Plaintiff and reimburse him for all back pay other benefits that he would have received but for Defendant's conduct;

b. That the Court award Mr. Meeks "front-pay" in lieu of reinstatement in the amount sufficient to compensate him for earnings he would have received but for Defendant's conduct;

c. That the Court award Mr. Meeks any and all compensatory damages to which he may be entitled;

d. That the Court award prejudgment interest on any and all damages to which the Court finds that Mr. Meeks is entitled;

e. That the Court award reasonable attorneys fees and costs, and

f. That the Court award Mr. Meeks any and all other relief as this Court sees fit.

**Count Two: Interference in violation of the Family and Medical Leave Act of 1993**

26. Plaintiff realleges and incorporates paragraphs 1 through 22 herein.

27. Mr. Meeks was on approved FMLA leave for a serious medical condition when he was terminated.

28. Mr. Meeks's position at Defendant was not eliminated while he was on leave.

29. Mr. Meeks would have returned to work in his existing position had he been allowed to do so.

30. Defendant interfered with Mr. Meeks's statutory rights under FMLA by firing him instead of returning him to the position he held before he went on FMLA leave.

*Wherefore,* Plaintiff Coy Meeks prays for the following relief:

   a. That the Court enter a judgment in his favor and against Defendant; and that the Court order Defendant to reinstate Plaintiff and reimburse him for all back pay other benefits that he would have received but for Defendant's conduct;

   b. That the Court award Mr. Meeks "front-pay" in lieu of reinstatement in the amount sufficient to compensate him for earnings he would have received but for Defendant's conduct;

   c. That the Court award Mr. Meeks any and all compensatory damages to which he may be entitled;

   d. That the Court award prejudgment interest on any and all damages to which the Court finds that Mr. Meeks is entitled;

   e. That the Court award reasonable attorneys fees and costs, and

    f. That the Court award Mr. Meeks any and all other relief as this Court sees fit.

**Count Three: Illinois Whistleblower Act**

31. Plaintiff realleges paragraphs 1 through 22 herein.
32. In December 2006, Mr. Meeks was denied a transfer to a different position at Defendant, for which he was professionally and physically qualified, because Defendant feared that he might incur an injury that entitled Mr. Meeks to workers' compensation benefits.
33. Based upon the foregoing, Defendant violated the Illinois Whistleblower Act, 740 ILCS 174/1, by denying Mr. Meeks in order to prevent him from filing a workers' compensation claim in the future.

*Wherefore,* Plaintiff prays for the following relief:

    a. That the Court enter a judgment in him favor and against Defendant; and that the Court order Defendant to reinstate Plaintiff and reimburse him for all back pay other benefits that he would have received but for Defendant's conduct;

    b. That the Court award Plaintiff any and all compensatory damages to which he may be entitled;

    c. That the Court award prejudgment interest on any and all damages to which the Court finds that Plaintiff is entitled;

    d. That the Court award reasonable attorneys fees and costs, and

    e. That the Court award Plaintiff any and all other relief as this Court sees fit.

**Count Four: Illinois Whistleblower Act**

34. Plaintiff realleges paragraphs 1 through 22 herein.
35. Based upon the foregoing, Defendant violated the Illinois Whistleblower Act, 740 ILCS 174/1, by denying Mr. Meeks a job transfer and for firing Mr. Meeks in retaliation for filing a workers' compensation claim.

*Wherefore,* Plaintiff prays for the following relief:

    a. That the Court enter a judgment in him favor and against Defendant; and that the Court order Defendant to reinstate Plaintiff and reimburse him for all back pay other benefits that he would have received but for Defendant's conduct;

    b. That the Court award Plaintiff any and all compensatory damages to which he may be entitled;

    c. That the Court award prejudgment interest on any and all damages to which the Court finds that Plaintiff is entitled;

    d. That the Court award reasonable attorneys fees and costs, and

    e. That the Court award Plaintiff any and all other relief as this Court sees fit.

**Count Five: Common Law Retaliatory Discharge**

36. Plaintiff realleges paragraphs 1 through 22 herein.

37. Defendant fired Mr. Meeks in retaliation for exercising his rights under the Illinois Workers' Compensation Act, which violates the public policy of this state which holds that workers are entitled to apply for benefits when they are injured in the workplace.

38. In doing so, Defendant committed common law retaliatory discharge when it fired Mr. Meeks.

*Wherefore,* Plaintiff prays for the following relief:

    a. That the Court enter a judgment in him favor and against Defendant; and that the Court order Defendant to reinstate Plaintiff and reimburse him for all back pay other benefits that he would have received but for Defendant's conduct;

    b. That the Court award Plaintiff any and all compensatory damages to which he may be entitled;

    c. That the Court award Plaintiff any and all punitive damages to which he may be entitled;

    d. That the Court award prejudgment interest on any and all damages to which the Court finds that Plaintiff is entitled;

    e. That the Court award reasonable attorneys fees and costs, and

  f. That the Court award Plaintiff any and all other relief as this Court sees fit.

Respectfully submitted,<br>
Coy Meeks,<br>
Plaintiff,

By:_____s/Lisa M. Stauff_____
       Plaintiff's attorney

Lisa M. Stauff
ARDC No. 6275980
Law Offices of Lisa M. Stauff
53 W. Jackson Blvd., Suite 660
Chicago, IL 60604
(312) 212-1036
LStauff@StauffLaw.com

8